IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

Plaintiff,

vs. **NO. 09 MJ 319 WDS**

**HOWARD DE LA CRUZ-BANCROFT,**

Defendant.

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Crim. P. 9(a) and 12. [Document #31] Mr. De La Cruz-Bancroft is charged in the February 6, 2009 Information in Count 1 with possessing a firearm in a Federal facility on February 27, 2008 in violation of 18 U.S.C. § 930(a) and in Count 2 with possessing a fraudulent document of identification on February 27, 2008 in violation of 18 U.S.C. § 1028(a)(6).

In pertinent part, 18 U.S.C. § 930(a) criminalizes the possession of a firearm in a federal facility, and there is evidence before the Court that Defendant entered the federal facility in question with a holstered firearm. However, 18 U.S.C. § 930(d)(3) provides an exception to § 930(a) for the "lawful carrying of firearms or other dangerous weapons in a Federal facility incident to hunting or other lawful purpose." It is clear to the Court that Defendant was carrying a holstered firearm for a lawful purpose prior to his entry into the federal facility, therefore the exception applies in this case. Count 1 of the Information is dismissed.

Count 2 charges Mr. De La Cruz-Bancroft with violating 18 U.S.C. § 1028(a)(6), which reads in pertinent part as follows:

(a) Whoever, in a circumstance described in subsection (c) of this subsection –

(6) knowingly possesses an identification document or authentication feature that

is or appears to be an identification document or authentication feature of the United States ... which is ... produced without lawful authority knowing that such document or feature was ... produced without such authority;....

18 U.S.C. § 1028 (c) states in pertinent part:

The circumstance referred to in subsection (a) of this section is that - -

(1) the identification document, authentication feature, or false identification document is or appears to be issued by or under the authority of the United States...;

The identification card possessed by Defendant did mention Defendant's private business, WebGlobix, but it also identified WebGlobix as a "U.S. Government Contractor," which it is not. There was a statement on the back of the identification card that Defendant was an "authorized" U.S. Government Contractor and was "authorized under H.R. 218 to carry and/or display a weapon" in all public buildings in the United States. Defendant's identification card as a U.S. Government Contractor sufficiently appears to be made by or under the authority of the United States to allow that question to go to the fact finder. Accordingly, the 18 U.S.C. § 1028(a)(6) charge will not be dismissed.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Dismiss is GRANTED as to Count 1, which count is dismissed, and DENIED as to Count 2.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**