IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

vs.                                                    Cr. No. 09-MJ-319 JH/WDS

HOWARD DE LA CRUZ-BANCROFT,

      Defendant-Appellee.

## MEMORANDUM OPINION AND ORDER

In this criminal misdemeanor case, the defendant is charged in Count I of a two-count Information with violating 18 U.S.C. § 930(a), which prohibits the possession of firearms in Federal facilities under certain circumstances. The Magistrate Judge granted the defendant's motion to dismiss that count of the information on the grounds that an exception to the statute applied to the defendant. The United States appeals that decision to this Court, arguing that the Magistrate Judge erred in interpreting and applying the statutory exception. On December 17, 2009, the Court heard oral argument on the appeal.

This Court reviews the Magistrate Judge's decision *de novo*. *See United States v. Friday*, 525 F.3d 938, 948 (10th Cir. 2008) (stating that a question of statutory interpretation is a question of law to be reviewed *de novo*), and concludes that the decision should be reversed and remanded for trial.

## FACTS

There is almost no factual record in this case. It appears that for the purpose of this appeal, the parties have stipulated to the following facts. On February 27, 2008, the defendant carried a

firearm into the Chavez federal building at 500 Gold in downtown Albuquerque, which holds a post office and the bankruptcy court, among other state and federal agencies. Defendant carried the gun in a holster in open view, which is lawful in the State of New Mexico. Initially the court security officer told defendant that he could not bring the firearm into the building, but defendant said he was a government agent and presented identification.[1] Accordingly, the court security officer asked defendant to sign into the logbook for agents who carry firearms and admitted him to the building. However, the officer remained suspicious of defendant and contacted the Federal Protective Service. An agent from the FPS found defendant on the third floor of the building in the Department of Veterans' Affairs office. He told defendant that he was not permitted to have a gun in the building and escorted him out. Defendant placed the weapon in his vehicle and then returned to the building to complete his business. Based on the briefs filed by the parties, it appears that it is undisputed that it was lawful for defendant to carry the weapon outside of the federal building, and that the issue is whether it was a crime for him to bring it into the building.

## DISCUSSION

Defendant has been charged with violating 18 U.S.C. § 930(a), which states, "[e]xcept as provided in subsection (d), whoever knowingly possesses or causes to be present a firearm or other dangerous weapon in a Federal facility (other than a Federal court facility), or attempts to do so, shall be fined under this title or imprisoned not more than 1 year, or both." Section 930(d), in turn, provides:

(d) Subsection (a) shall not apply to–

---

[1] Defendant has also been charged with possessing a fraudulent document identification in violation of 18 U.S.C. § 1028(a)(6). The Magistrate Judge denied defendant's motion to dismiss that charge, which is not before the Court on this appeal.

> (1) the lawful performance of official duties by an officer, agent, or employee of the United States, a State, or a political subdivision thereof, who is authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of any violation of law;
>
> (2) the possession of a firearm or other dangerous weapon by a Federal official or a member of the Armed Forces if such possession is authorized by law; or
>
> (3) the lawful carrying of firearms or other dangerous weapons in a Federal facility incident to hunting or other lawful purposes.

In his written order dismissing the gun charge, the Magistrate Judge stated, "18 U.S.C. § 930(d)(3) provides an exception to § 930(a) for the 'lawful carrying of firearms or other dangerous weapons in a Federal facility incident to hunting or other lawful purpose.' It is clear to the Court that Defendant was carrying a holstered firearm for a lawful purpose prior to his entry into the federal facility, therefore the exception applies in this case." The Magistrate Judge's comments on the record at the hearing on the motion to dismiss shed more light on his reasoning. At the hearing he stated that carrying an unconcealed firearm is lawful in New Mexico, and therefore this circumstance falls under the "other lawful purpose" exception in § 930(d)(3). The Magistrate Judge observed that the government has the right to criminalize the possession of weapons in a federal facility and to create exceptions, and that the exception in § 930(d)(3) clearly applied in this case. He reasoned that federal facilities are not at risk because security officers at the front door can still refuse to let people enter with weapons, and a rejected gun-bearer is free to file a civil lawsuit over that issue. However, he said that was not pertinent to the issue of whether the defendant committed a crime when he entered the building with the weapon, which he lawfully possessed. The Magistrate Judge concluded as a matter of law that the statute is clear, and that defendant did not commit a crime under § 930(a).

As stated previously, that subsection provides an exception for "the lawful carrying of firearms or other dangerous weapons in a Federal facility incident to hunting or other lawful purposes." There are no cases interpreting the meaning of the § 930(d)(3). "[I]t is our primary task in interpreting statutes to determine congressional intent, using traditional tools of statutory construction. In ascertaining such congressional intent, we begin by examining the statute's plain language, and if the statutory language is clear, our analysis ordinarily ends." *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009) (citing *Russell v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008)). If the language of the statute is clear and unambiguous, the plain language of the statute controls. *United States v. Quarrell*, 310 F.3d 664, 669 (10th Cir. 2002).

The Court concludes that the plain language of § 930(d)(3) is clear. It provides that carrying a firearm in a Federal facility "incident to" hunting or other lawful purpose is lawful. Thus, by its express terms the statute demands inquiry into defendant's purpose in bringing the firearm to a Federal facility. In other words, the possession of the firearm must be not only lawful, but also must be for a lawful purpose that is related to the federal facility. Any other interpretation would fail to give full effect to every word in the statute. *Quarles v. U.S. ex rel. Bureau of Indian Affairs*, 372 F.3d 1169, 1172 (10th Cir. 2004) (court should "construe the words of the statute in their ordinary sense . . . giv[ing] effect, if possible, to every word of the statute."). Thus, the Court holds that § 930(d)(3) applies to the lawful possession of a weapon incident to hunting or to another lawful purpose related to the Federal facility in question.

Defendant argues that § 930(d)(3) permits carrying a firearm into any Federal facility if one was carrying firearm lawfully outside of the Federal facility. However, this interpretation of the exception in § 930(d)(3) suffers from several defects. First, it does not give full effect to the entire statute, which requires a lawful *purpose* in bringing the firearm into the Federal facility. If mere

4

lawful possession of the weapon outside the facility were enough, then there would be no need for the phrase "hunting or other lawful purposes." Thus, the Court concludes that in accordance with the statute, the factfinder should determine Defendant's purpose in bringing the firearm into the Federal facility. Second, Defendant's interpretation of § 930(d)(3) would largely swallow the prohibition set forth in § 930(a) generally prohibiting firearms and other dangerous weapons in federal facilities. If mere lawful possession of the firearm *outside* the Federal facility were enough to permit someone to bring it inside, virtually anyone could bring such a weapon inside a Federal facility for any reason, particularly in a state like New Mexico which liberally permits individuals to carry unconcealed firearms. Finally, Defendant's interpretation would result in inconsistent results. As the parties have pointed out, state laws regarding possessing and carrying weapons in public vary considerably. Some states, like New Mexico, permit citizens to carry unconcealed firearms in public without a license, while others have more restrictive laws. Thus, under Defendant's interpretation of the statute, his act of bringing an unconcealed weapon into a Federal facility would not be unlawful in New Mexico, but would constitute a crime in some other states. There is no indication that Congress intended such an uneven result when it enacted this law to protect those who work and conduct business in Federal facilities.

Furthermore, there is no evidence in the record regarding defendant's purpose in bringing the firearm to the Federal facility at 500 Gold on February 27, 2008. As stated above, the statute requires that the purpose be lawful, and that it relate to the Federal facility in some way. At the December 17, 2009 hearing, defendant's counsel suggested that many Americans carry firearms for personal security and self-defense, a purpose that is embraced by Article 2, section 6 of the New Mexico constitution, which authorizes carrying unconcealed firearms in this State. However, from the record it appears that there has been no fact finding as to what the defendant's *actual* purpose

5

was in bringing the firearm to the Federal facility, whether that purpose was lawful, or whether it related to the Federal facility as required by § 930(d)(3).

Based on the foregoing, the Court concludes that there is insufficient factual information in the record to determine whether or not 18 U.S.C. § 930(d)(3) applies to the defendant.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's order [Doc. No. 46] dismissing Count I of the Information is **REVERSED** and the case is **REMANDED** for further proceedings in accordance with this Memorandum Opinion and Order.

_____
**UNITED STATES DISTRICT JUDGE**